UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
THE TRAVELERS INDEMNITY COMPANY OF
AMERICA                                                                          Case No.
                                        Plaintiff,

           -against-

STARR INDEMNITY & LIABILITY COMPANY,

                                        Defendant.
------------------------------------------------------------------X

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiff THE TRAVELERS INDEMNITY COMPANY OF AMERICA ("Travelers"), by its attorneys, Reid & Associates, as and for its Complaint for Declaratory Judgment against Defendant STARR INDEMNITY & LIABILITY COMPANY ("Starr"), alleges upon information and belief as follows:

### Nature of the Action

1. In this action, Travelers seeks a declaration that Starr is obligated to defend and indemnify Henegan Construction Co., Inc. ("Henegan"), RXR 32 Old Slip Owner LLC ("RXR"), and Cahill Gordon & Reindel LLP ("Cahill Gordon") (collectively as "Underlying Defendants") in connection with an underlying action claiming injuries allegedly sustained by James Ravelo (the "Claimant").

2. The Claimant's incident allegedly occurred on or about August 3, 2020 at a construction project at 32 Old Slip, New York, NY 10005 (the "Project").

### Parties

3. At all times relevant hereto, Travelers was and is a Connecticut corporation duly licensed and authorized to write insurance and conduct business in the State of New York with a

principal place of business in Hartford, Connecticut.

4. Upon information and belief, at all times relevant hereto, Starr was and is a Texas corporation with a principal place of business in New York, New York.

## Jurisdiction and Venue

5. This Court has subject matter jurisdiction due to diversity of citizenship and amounts in controversy in excess of $75,000, exclusive of interests and costs, pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 2201.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) in that a substantial part of the events or omissions giving rise to the claim occurred here.

7. An actual justiciable controversy exists between the parties as to the coverage afforded under the insurance policy issued by Defendant Starr.

8. Plaintiff Travelers has no adequate remedy at law.

## The Insurance Policies

9. Travelers issued an insurance policy to Henegan providing commercial general liability coverage for the policy period August 15, 2019 through August 15, 2020 under policy no. DT-CO-3H023370-TIA-19 (the "Travelers Policy").

10. Subject to certain terms, conditions, and exclusions, the Travelers Policy generally provides coverage for bodily injury that takes place during the policy period and is caused by an accident.

11. Upon information and belief, Defendant Starr issued an insurance policy to EuroTech Construction Corp. ("EuroTech") providing commercial general liability coverage for the policy period August 1, 2020 to August 1, 2021 under policy no. 1000025423201 (the "Starr Policy").

12. Upon information and belief, subject to certain terms, conditions, and exclusions, the Starr Policy generally provides coverage for bodily injury that takes place during the policy period and is caused by an accident.

13. Upon information and belief, subject to certain terms, conditions, and exclusions, the Starr Policy provides additional insured coverage to the Underlying Defendants where EuroTech agrees by contract to procure such coverage.

## Background Facts

14. RXR owns the location where the Project took place.

15. Cahill Gordon was the tenant of the location where the Project took place.

16. Henegan was the general contractor at the Project.

17. Henegan and EuroTech entered into a purchase order dated October 22, 2019 (the "Purchase Order") in which EuroTech agreed to perform drywall and carpentry related work for the Project.

18. Pursuant to Exhibit A of the Purchase Order, EuroTech agreed to procure commercial general liability coverage for, among others, Henegan, RXR, and Cahill Gordon on a primary and non-contributory basis. A true and correct copy of the Purchase Order with the relevant exhibits are annexed as Exhibit A.

19. Pursuant to the terms of the Purchase Order, EuroTech agreed to name Henegan, RXR, and Cahill Gordon as additional insureds on ISO Form CG 20 10 (April 2013 edition) and CG 20 37 or their equivalents.

20. On or about August 3, 2020, the Claimant was working as an EuroTech employee at the Project under the Subcontract when his incident occurred.

21. By a complaint filed on or about September 29, 2020, the Claimant commenced an

action captioned *James Ravelo and Jenny Ravelo v. RXR 32 Old Slip Owner, LLC et al.* in the Supreme Court of the State of New York, County of New York, Index No. 157980/2020 (the "Underlying Action"). The Underlying Action seeks recovery for the Claimant's injuries from an underlying accident allegedly caused by the Underlying Defendants based on theories of negligence and violations of the New York Labor Law.

## Tender to Starr

22. By letters dated August 13, 2020 and October 14, 2020, Travelers tendered to Starr on behalf of Henegan seeking additional insured status under the Starr Policy.

23. By letter dated January 13, 2021, Travelers tendered to Starr on behalf of Henegan, RXR, and Cahill Gordon seeking additional insured status under the Starr Policy.

24. In addition to the tender letters, Travelers followed up with Starr multiple times regarding the status of its tender but Starr has failed and refused to respond or accept the tender on behalf of Henegan, RXR, and Cahill Gordon.

25. Starr has failed to meet its obligation to defend and indemnify Henegan, RXR, and Cahill Gordon as additional insureds in the Underlying Action.

## Travelers' Cause of Action for Declaratory Relief as Against Starr

26. Travelers repeats and realleges the allegations contained in paragraphs 1-25 above as if set forth here in their entirety.

27. Henegan, RXR, and Cahill Gordon qualify as additional insureds under the Starr Policy.

28. Henegan, RXR, and Cahill Gordon are entitled to a defense under the Starr Policy issued to EuroTech, as well as to indemnification thereunder for any verdict or judgment rendered against them in the Underlying Action.

29. Coverage provided to Henegan, RXR, and Cahill Gordon by the Starr Policy with respect to the Underlying Action is primary to that provided by the Travelers Policy.

30. Starr has refused to provide coverage to Henegan, RXR, and Cahill Gordon with respect to the Underlying Action.

31. Accordingly, Travelers seeks a declaration that Starr has an obligation to defend and indemnify Henegan, RXR, and Cahill Gordon as additional insureds; that the coverage provided by the Starr Policy to Henegan, RXR, and Cahill Gordon is primary; and that the obligations of Travelers to Henegan, RXR, and Cahill Gordon in the Underlying Action are excess to proper exhaustion and full payment of the limits of the Starr Policy.

32. In addition, Travelers seeks an award at law and in equity against Starr for recovery of all sums Travelers has incurred in defense of Henegan, RXR, and Cahill Gordon in the Underlying Action because the coverages provided by the Starr Policy are primary to any coverage provided by Travelers.

## **Prayer for Declaratory Relief**

Wherefore, Plaintiff Travelers prays that judgment be entered as follows:

1. Declaring that the Starr Policy was in full force and effect on the date of the alleged accident.

2. Declaring that all terms and conditions of the Starr Policy have been complied with and met.

3. Declaring that the alleged accident and Underlying Action fall within the coverage afforded by the Starr Policy.

4. Declaring that Defendant Starr owes a duty to defend Henegan, RXR, and Cahill Gordon in connection with the Underlying Action.

5. Declaring that Defendant Starr owes a duty to indemnify Henegan, RXR, and Cahill Gordon in connection with the Underlying Action.

6. Declaring that Defendant Starr's coverage obligations to Henegan, RXR, and Cahill Gordon in connection with the Underlying Action are primary.

7. Declaring that the coverage obligations of Plaintiff Travelers under the Travelers Policy are excess and non-contributory to those of Defendant Starr with respect to the Underlying Action.

8. Declaring that an actual controversy exists between Plaintiff Travelers and Defendant Starr with respect to Starr's duty to defend and to indemnify Henegan, RXR, and Cahill Gordon in connection with the Underlying Action.

9. Granting an award in favor of Plaintiff Travelers against Defendant Starr for all sums Travelers has paid in defending the Underlying Action.

10. Granting an award in favor of Plaintiff Travelers for the costs of suit incurred herein.

11. Granting such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       May 31, 2022

REID & ASSOCIATES

By: _____
*/s/ Tung Sing Wong*

Tung Sing Wong
*Attorneys for Plaintiff The Travelers Indemnity Company of America*
Direct: 917.778.6429
Fax: 844.571.3789
Email: twong2@travelers.com

Please address all correspondence sent by mail to:
P.O. Box 2996
Hartford, CT 06104-2996

Physical Address:
485 Lexington Avenue, 7th Floor
New York NY 10017